**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Sarah Dixon, | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| Deca Financial Services LLC; and DOES 1-10, inclusive, | : **COMPLAINT** |
| Defendants. | : |

For this Complaint, Plaintiff, Sarah Dixon, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (the "FDCPA"), in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff, Sarah Dixon ("Plaintiff"), is an adult individual residing in Salem, New Hampshire, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Deca Financial Services LLC ("Deca"), is a Delaware business entity with an address of 84 State Street, Boston, Massachusetts 02109, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. Does 1-10 (the "Collectors") are individual collectors employed by Deca and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6. Deca at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

7. Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor") for a medical bill.

8. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The Debt was purchased, assigned or transferred to Deca for collection, or Deca was employed by the Creditor to collect the Debt.

10. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. Deca Engages in Harassment and Abusive Tactics**

11. On or about February 18, 2014, Deca called Plaintiff and failed to advise Plaintiff that it was calling in an attempt to collect the Debt and that any information obtained would be used for that purpose.

12. Plaintiff informed Deca that no payment would be made until she received a collection letter in the mail.

13. Deca threatened to mark the account as "refusal to pay" if Plaintiff did not pay the Debt immediately.

14. To date, Plaintiff has not received a letter from Plaintiff explaining her rights regarding the Debt.

**C. Plaintiff Suffered Actual Damages**

15.     Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

16.     As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *ET SEQ.*

17.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18.     Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

19.     Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive and/or misleading representations or means in connection with collection of the Debt.

20.     Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform Plaintiff that a communication was an attempt to collect the Debt.

21.     Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

22.     Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff a letter within five days of its initial contact with Plaintiff.

23.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

24.     Plaintiff is entitled to damages as a result of Defendants' violations.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Punitive damages; and

5. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 11, 2014

Respectfully submitted,

By   /s/ Sergei Lemberg

Sergei Lemberg (BBO# 650671)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff